IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Taylor,** | : | |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| | : | |
| vs. | : | Case No.: 23-cv-3684 |
| | : | |
| **Adelphoi USA, Adelphoi Club, Inc., Adelphoi Village, Adelphoi Valley Stream, Inc., Adelphoi Education, Inc., Adelphoi Foundation, Adelphoi Western Region Inc., Berks County Children and Youth Services, and John/Jane Does 1-100,** | : | |
| **Defendants.** | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2024, upon consideration of the Motion for Leave to Amend Complaint of Plaintiffs, Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler, and any response thereto, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to Amend Complaint is **GRANTED**.

By the Court:

_____
J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Taylor,** : **Plaintiffs,** : : vs. : : **Adelphoi USA, Adelphoi Club, Inc.,** : **Adelphoi Village, Adelphoi Valley Stream, Inc.,** : **Adelphoi Education, Inc., Adelphoi Foundation,** : **Adelphoi Western Region Inc., Berks County** : **Children and Youth Services,** : **and John/Jane Does 1-100,** : **Defendants.** : | CIVIL ACTION<br><br>Case No.: 23-cv-3684 |

## PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs, Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler (collectively, "Plaintiffs"), by and through the undersigned counsel, van der Veen, Hartshorn, Levin and Lindheim, hereby file this Motion for Leave to Amend Complaint. For the foregoing reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that this Honorable Court enter the Proposed Order granting Plaintiffs' Motion for Leave to Amend Complaint.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

BY:  */s/ Steven R. Bryson*
Michael T. van der Veen, Esquire
Jerry A. Lindheim, Esquire
Steven R. Bryson, Esquire
*Attorneys for Plaintiffs*

DATE: February 29, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Taylor,** : **Plaintiffs,** : : vs. : : **Adelphoi USA, Adelphoi Club, Inc.,** : **Adelphoi Village, Adelphoi Valley Stream, Inc.,** : **Adelphoi Education, Inc., Adelphoi Foundation,** : **Adelphoi Western Region Inc., Berks County** : **Children and Youth Services,** : **and John/Jane Does 1-100,** : **Defendants.** | **CIVIL ACTION** **Case No.: 23-cv-3684** |

### **PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler (collectively "Plaintiffs"), by and through the undersigned counsel, van der Veen, Hartshorn, Levin and Lindheim, hereby submit the within brief in support of their motion for leave to amend their complaint.

**I.      RELEVANT BACKGROUND**

Plaintiffs filed their Complaint (Docket No. 1) on September 21, 2023. Defendant Adelphoi filed a motion to dismiss November 24, 2023 (Docket No. 6). On December 4, 2023, Plaintiff filed a request for a time extension to file an Amended Complaint (Docket No. 7), which this Honorable Court granted on December 6, 2023 (Docket No. 8). On January 8, 2024, Plaintiffs filed their Amended Complaint which alleges the extensive physical, emotional and/or sexual abuse of Adelphoi juvenile residents from as early as 1998 to present. Adelphoi serves as a custodial facility for the placement of juvenile court-adjudicated youths, aged 8-18, and other

at-risk youth. Operating since at least the early 1970s, Adelphoi has provided juvenile residential care since its inception. It claims to assess the unique needs of each student, teach tools for success and offer meaningful opportunities for personal growth. Plaintiff Jahmir Adams amongst other class members were placed at Adelphoi at the direction of Berks County Children and Youth Services (BCCYS). Defendants must provide treatment, supervision, and rehabilitation in accordance with federal and state Constitutional standards, via the Pennsylvania Juvenile Act, and prevailing standards for the care and custody of juveniles in need of treatment and supervision. Defendants have failed to provide these services in accord with Constitutional, statutory and community standards of care.

On February 15, 2024, BCCYS filed a motion to dismiss (Docket No. 14). Subsequently, Adelphoi filed a motion to dismiss on February 20, 2024 (Docket No. 21). Plaintiffs move for leave to file an amended complaint to cure the deficiencies raised by all defendants.

## II. **DISCUSSION**

Federal Rule of Civil Procedure 15(a) states that courts should "freely give leave [to amend a pleading] when justice so requires." The decision to grant leave is within the discretion of the district court but should only be denied where "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). "Motions to amend under Rule 15(a) may be filed to . . . amplify a previously alleged claim, to change the nature or theory of the case, to state additional claims, . . . or to add, substitute, or drop parties to the action." *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996), citing Wright, Miller & Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). "In the Third Circuit, delay alone does not justify

denying a motion to amend." *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 225 (E.D. Pa. 2012), citing Cureton v. NCAA, 252 F.3d 267, 273 (3d Cir. 2001). Delay only justifies denial of a motion to amend if it "place[es] an unwarranted burden on the court, or . . . an unfair burden on the opposing party." Id., quoting *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

"[T]he question of undue delay requires the court to focus on the movant's reasons for not amending sooner, while 'bearing in mind the liberal pleading philosophy of the federal rules.'" *Synthes*, 281 F.R.D. at 225, quoting *Cureton*, 252 F.3d at 273. The Plaintiff's request to amend the complaint is not undue delay as it is motivated by the necessity to plead additional facts essential for supporting their claim. The proposed amendments aim to enhance the clarity and completeness of the complaint, thereby ensuring a fair and comprehensive presentation of the Plaintiff's case to the court. A proposed amendment to a complaint is futile only if it "as amended, would fail to state a claim upon which relief could be granted." *In re Alpharma Sec. Litig.*, 372 F.3d 137, 153 (3d Cir. 2004), quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). A district court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)" in assessing futility. *Id.* at 153-154. Plaintiffs' amendments will not be futile because the additional averments will further support their allegations of extensive physical, psychological, and/or sexual abuse at the behest of Defendants. Whereby curing and current deficiencies.

"To state a cognizable claim of prejudice, the defendant must establish that it would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered' had the allegations in the amended complaint been timely made." *Pegasus Int'l, Inc. v. Crescent Mft. Co.*, 2007 U.S. Dist. LEXIS 24753, *14 (E.D. Pa. Apr. 2, 2007), quoting *Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006). Plaintiffs' amendments to the Complaint will

serve to incorporate factual intricacies and bolster the allegations against the Defendants. At this stage of litigation, Defendants will not be deprived of any defenses or disadvantaged in any way.

### III. CONCLUSION

Federal Rule of Civil Procedure 15(a) states that courts should readily grant permission to amend a pleading when justice necessitates it. In the pursuit of justice, it is imperative that Plaintiffs are allowed to articulate all factual intricacies pertaining to the Defendants' protracted emotional, psychological, and sexual abuse. Federal Rule of Civil Procedure 15(a) expressly allows for such amendments to a complaint. Therefore, for the aforementioned reasons, Plaintiffs respectfully request that Plaintiffs' Motion for Leave to Amend Complaint be granted.

          Respectfully submitted,

          **VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

BY:    */s/ Steven R. Bryson*
         Michael T. van der Veen, Esquire
         Jerry A. Lindheim, Esquire
         Steven R. Bryson, Esquire
         *Attorneys for Plaintiffs*

DATE: February 29, 2024

**CERTIFICATE OF SERVICE**

    I, Steven R. Bryson, do hereby certify that a true and correct copy of the foregoing Motion for Leave to Amend Complaint was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

                      Respectfully submitted,

                      **VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

            BY:    <u>/s/ *Steven R. Bryson*</u>
                      Michael T. van der Veen, Esquire
                      Jerry A. Lindheim, Esquire
                      Steven R. Bryson, Esquire
                      *Attorneys for Plaintiffs*

DATE: February 29, 2024