**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAHMIR ADAMS, JEREMY LEE HENSEL, DANNY JESUS RUIZ, TRAY DANIELS, SHAWN SCHLOPY, MIGUEL MARTELL, and COPELAND TYLER | : CIVIL ACTON : : No. 5:23-cv-03684 |
| Plaintiffs, | : |
| vs. | : : |
| ADELPHOI USA, ADELPHOI CLUB, INC., ADELPHOI VILLAGE, ADELPHOI VALLEY STREAM, INC., ADELPHOI EDUCATION, INC., ADELPHOI FOUNDATION, ADELPHOI WESTERN REGION, INC., BERKS COUNTY CHILDREN AND YOUTH SERVICES | : : : : : : : |
| Defendants. | : : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, BERKS COUNTY CHILDREN AND YOUTH SERVICES, TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

**I.    MATTER BEFORE THE COURT**

Defendant, Berks County Children and Youth Services (hereinafter referred to as "BCCYS" and/or "Moving Defendant"), by and through their undersigned counsel, Marshall Dennehey, P.C., respectfully moves for dismissal of Plaintiffs' Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and requests this Honorable Court enter the proposed Order for the reasons set forth more fully below.

**II.    QUESTIONS PRESENTED**

1. Whether Plaintiffs' Second Amended Complaint should be dismissed as it relates to Moving Defendant because Plaintiffs failed to state a claim for which relief can be granted under Title IX?

    Suggested Answer: Yes.

2. Whether Plaintiffs' Second Amended Complaint should be dismissed as it relates to Moving Defendant because Plaintiffs failed to state a claim for which relief can be granted under § 1983?

        Suggested Answer: Yes.

3. Whether Plaintiffs' state law claims within the Second Amended Complaint should be dismissed as they relate to Moving Defendant because Plaintiffs failed to present sufficient factual evidence to support a claim for negligence?

        Suggested Answer: Yes.

## III.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

On September 21, 2023, Plaintiffs, Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell, and Copeland Tyler initiated the present action by way of filing a Complaint for Class Action Civil Rights Violations & Deprivation of Educational Opportunities against Adelphoi, USA, Adelphoi Club, Inc., Adelphoi Village, Adelphoi Valler Stream, Inc., Adelphoi Education, Inc., Adelphoi Foundation, and Adelphoi Western Region, Inc. ECF #[1].

Notably, Moving Defendant was not named as a Defendant in Plaintiffs' original Complaint. Plaintiffs sought leave to file an Amended Complaint, and on January 8, 2024, Plaintiffs filed an Amended Complaint, naming Answering Defendant in the caption. ECF #[9]. However, in doing so, Plaintiffs did not specify any factual allegations with respect to Moving Defendants. After the filing of the first Amended Complaint, Plaintiffs subsequently sought leave to file a Second Amended Complaint to address the deficiencies raised in Co-Defendant, Adelphoi, USA's 12(b) Motion to Dismiss for Failure to State a Claim. ECF #[29].

Plaintiffs allege that the Defendants violated the rights afforded to Plaintiffs under the Fourth, Eighth, and Fourteen Amendments of the U.S. Constitution along with tortious conduct under state law by subjecting Plaintiffs to "physical, mental, and sexual abuse, including using physical force, and by failing to protect them from harm and injuries at the hands of others." *Id*. at ¶ 11. In Plaintiffs' Second Amended Complaint, Plaintiffs set out *seventeen* separate claims against the Defendants:

- Count I – Violations of Title IX 20 U.S.C. § 1681 *et seq.* – Creation of Sexually Hostile Culture/Heightened Risk of Sexual Harassment
- Count II – Violations of Title IX 20 U.S.C. § 1681(A) *et seq*. – Deliberate Indifference to Prior Sexual Harassment
- Count III – State-Created Danger in Violation of Plaintiffs' Constitutional and Federal Rights, pursuant to Title 42 (42 U.S.C. § 1983 *et seq*.}
- Count IV – Failure to Train & Supervise, in Violations of Plaintiffs' Constitutional and Federal Rights, pursuant to Title 42 (42 U.S.C. § 1983 *et seq*.}
- Count V – Negligence (state law claim)
- Count VI – Negligence (state law claim)
- Count VII – Negligent Hiring
- Count VIII – Negligent Retention
- Count IX – Negligent Supervision
- Count X – Gross Negligence
- Count XI – Gross Negligence
- Count XII – Negligent Misrepresentation and Omissions
- Count XIII – Vicarious Liability
- Count XIV – Negligent Infliction of Emotional Distress
- Count XV – Breach of Fiduciary Duty
- Count XVI – Corporate Liability
- Count XVII – Denial of Educational Opportunities

Despite these claims, Plaintiffs have failed to present sufficient factual evidence, primarily relying on conclusory and bald allegations in support thereof. Consequently, this is the Motion of Defendant, Berks County Children and Youth Services, to Dismiss Plaintiffs' Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.    LEGAL STANDARD

Moving Defendant contends that Plaintiffs' Second Amended Complaint fails to set forth sufficient factual allegations against BCCYS to state a claim for relief that is plausible on its face and should therefore be dismissed as to BCCYS.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the legal sufficiency of a complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009). "To survive a Rule 12(b)(6) motion, a complaint must set forth enough factual allegations to 'state a claim to relief that is plausible on its face.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim requires the pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Although the plausibility standard "does not impose a probability requirement," the standard "does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully[.]" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (cleaned up).[1] Averments which are "merely consistent with a defendant's liability . . . stop[] short of the line between possibility and plausibility of entitlement

---

[1] Use of the parenthetical "cleaned up" indicates removal of internal quotation marks, brackets, ellipses, footnotes, or internal citations. *See, e.g., Burrell v. Staff*, --- F.4th ---, 2023 WL 1811015 (3d Cir. Feb. 8, 2023).

to relief." *Id.* "The plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (cleaned up).

A three step approach is used to determine whether liability is sufficiently plausible in light of the averments pled in support of an asserted claim. *See Connelly*, 809 F.3d at 787. First, a reviewing court will "take note of the elements plaintiff must plead to state a claim." *Id.* (cleaned up). Second, the court will identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (cleaned up); *see also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("[A] court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." (citation omitted)). Finally, if well-pleaded factual allegations remain, "the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (cleaned up). If the remaining allegations do not "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Klotz*, 991 F.3d at 462 (citation omitted), then dismissal of the insufficiently pled claim will not be disturbed on appeal. *See Jones v. Unknown D.O.C. Bus Driver & Transportation Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

### A. PLAINTIFFS' TITLE IX CLAIMS AGAINST BCCYS SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO STATE A CLAIM UNDER TITLE IX AGAINST BCCYS FOR WHICH RELIEF CAN BE GRANTED.

At Counts I and II of Plaintiffs' Complaint, Plaintiffs attempt to set forth claims pursuant to Title IX of the Education Amendments of 1972 ("Title IX"), 20 U.S.C. § 1681(a). Specifically, Plaintiffs allege that the Adelphoi Defendants subjected Plaintiffs to sexual harassment, abuse, and assault by staff members. ECF #29 at ⁋ 295. With respect to Moving Defendant, Plaintiffs allege that BCCYS "places juveniles at Adelphoi," and that Defendant

BCCYS "was on notice of the conduct . . . , but nonetheless failed to carry out its duties to investigate and take corrective action under Title IX." *Id*. at ¶¶ 293 and 298. Ultimately, Plaintiffs allege that BCCYS "acted willfully and maliciously with the intent to harm Plaintiffs" by failing to promptly investigate and address these allegations. *Id*. at ¶¶ 301-308.

Furthermore, at Count II of Plaintiffs' Complaint, Plaintiffs allege that the Adelphoi and BCCYS Defendants were aware of prior allegations of sexual abuse, harassment, and assault at the facility. Id. at ¶¶ 320-328. Plaintiffs contend that the Adelphoi Defendants failed to "take corrective measures to curb the pattern and practice of sexual abuse towards children at Adelphoi." Notably, the only specific factual allegation directed toward Moving Defendant is that "BCCYS places juveniles at Adelphoi." Id. at 319.

Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Damages liability is not imposed on a fund recipient under Title IX based on agency principles or a negligence standard; rather, fund recipients may be liable in damages only where their own deliberate indifference effectively caused the discrimination. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). Direct liability may be imposed on a fund recipient under Title IX on a theory of deliberate indifference to sexual harassment only where the funding recipient has some control over the alleged harassment; a recipient cannot be directly liable for its indifference where it lacks the authority to take remedial action. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

Title IX provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Damages liability is not imposed on a fund recipient under Title IX based on agency principles or a negligence standard; rather, fund recipients may be liable in damages only where their own deliberate indifference effectively caused the discrimination. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). Direct liability may be imposed on a fund recipient under Title IX on a theory of deliberate indifference to sexual harassment only where the funding recipient has some control over the alleged harassment; a recipient cannot be directly liable for its indifference where it lacks the authority to take remedial action. *Davis v. Monroe County Board of Education*, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

The Plaintiffs' Title IX claims against BCCYS are fundamentally flawed and should be dismissed for several reasons. First, the Complaint lacks specific factual allegations that demonstrate how BCCYS was directly responsible for the alleged discrimination under Title IX. The only concrete assertion against BCCYS is that it places juveniles at Adelphoi, which does not establish a nexus between BCCYS's actions and the alleged Title IX violations. The mere placement of juveniles at a facility does not imply control over the facility's internal operations or staff conduct, which is essential to establish liability under Title IX.

Second, Title IX requires that a funding recipient be deliberately indifferent to known acts of harassment and have the authority to take corrective measures. Plaintiffs allege that BCCYS "was on notice of the conduct" and failed to investigate and take corrective action. However, they do not provide sufficient details to support that BCCYS had actual knowledge of

the specific incidents of harassment or that it had the authority and control to remedy the situation at Adelphoi. The *Supreme Court in Davis v. Monroe County Board of Education* established that a recipient can only be held liable for deliberate indifference to sexual harassment if it has substantial control over the context in which the harassment occurs and the harasser. There are no allegations that BCCYS had such control over Adelphoi's environment or its staff.

Lastly, Plaintiffs' claims rest on conclusory statements without concrete evidence linking the alleged deprivation of educational opportunities to BCCYS's actions. To state a viable claim under Title IX, Plaintiffs must show that the discrimination was so severe, pervasive, and objectively offensive that it effectively barred their access to an educational opportunity or benefit. Plaintiffs fail to meet this burden, as they provide no specific instances of how BCCYS's purported inaction directly resulted in the alleged harm. Therefore, Plaintiffs' Title IX claims against BCCYS lack the necessary factual and legal foundation and should be dismissed for failure to state a claim upon which relief can be granted.

### B.  PLAINTIFFS' § 1983 CLAIMS AGAINST BCCYS SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAILED TO STATE A CLAIM UNDER § 1983 AGAINST BCCYS FOR WHICH RELIEF CAN BE GRANTED.

At Counts III and IV of Plaintiffs' Second Amended Complaint, Plaintiffs attempt to set forth claims under 42 U.S.C. § 1983 ("§ 1983") for a state created danger in violation of Plaintiffs' rights and for failure to train and supervise. Moving Defendant contends that Plaintiffs' § 1983 claims should be dismissed due to a lack of allegations indicating personal involvement or wrongdoing by BCCYS or any of its employees or officials. For a Section 1983 claim against a public entity to be valid, the claim must demonstrate that the public entity violated the Plaintiffs' constitutional rights through an unconstitutional custom, policy, or

practice that directly caused the constitutional violation. This principle is well-established in legal precedent, notably in the Supreme Court case *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, which emphasizes the necessity of linking the constitutional violation to a specific action or policy of the public entity (520 U.S. 397, 397, 1997). Furthermore, the Third Circuit in *Jutrowski v. Twp. of Riverdale* reinforced this requirement by asserting that a Section 1983 claim necessitates demonstrating the direct responsibility of the named defendant and rejecting any liability theories that do not involve the defendants' active participation in the alleged constitutional deprivation (904 F.3d 280, 289, 2018). Similarly, in *Peña v. City of Lancaster*, a court dismissed a Section 1983 claim against a county due to the Plaintiff's failure to allege personal involvement by any county employee (2022 WL 44005, at *2-3, E.D. Pa. Jan. 5, 2022).

In this case, a review of the Plaintiffs' Second Amended Complaint reveals no allegations of personal misconduct or relevant involvement by any BCCYS employee or official. The complaint does not suggest that any custom, policy, or practice of BCCYS was the driving force behind any constitutional violation. Outside of the case caption and the Plaintiffs' statement of the parties, the Amended Complaint does not mention BCCYS at all. Consequently, the Plaintiffs fail to state any claim upon which relief can be granted against the Moving Defendant, as required by precedent such as *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Therefore, without any specific allegations tying BCCYS or its employees to the constitutional violations claimed by the Plaintiffs, the claims against the Moving Defendant should be dismissed.

    **C. PLAINTIFFS' STATE LAW CLAIMS AGAINST BCCYS SHOULD BE DISMISSED BECAUSE THERE IS NO FACTUAL CONTENT SHOWING THAT THEY ENGAGED IN NEGLIGENT CONDUCT.**

At Counts VI and XI of Plaintiffs' Second Amended Complaint, respectively, Plaintiffs attempt to set out claims against Moving Defendant for negligence and gross negligence. Moving Defendant contends that Plaintiffs' claims of negligence in Count VI and gross negligence in Count XI should be dismissed for failure to state a claim upon which relief can be granted.

Under Pennsylvania law, "[t]he mere fact that an accident occurred does not give rise to an inference that the injured person was the victim of negligence." *Toro v. Fitness Int'l LLC.*, 150 A.3d 968, 976–77 (2016), quoting *Estate of Swift by Swift v. Northeastern Hosp.*, 690 A.2d 719, 722 (1997). A plaintiff must prove four elements to establish negligence by a defendant: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. Id. The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury. *Id*.

Plaintiffs' Second Amended Complaint fails to set forth sufficient factual allegations to satisfy a claim for negligence against Moving Defendants. Specifically, the Complaint does not provide adequate factual support to demonstrate that Moving Defendant breached a legally recognized duty owed to Plaintiffs. Additionally, it fails to establish a causal connection between Moving Defendant's conduct and the alleged injury. Without detailed allegations that illustrate how the Moving Defendant's actions or inactions directly led to the Plaintiffs' damages, the claims cannot meet the necessary legal threshold. As such, the assertions of negligence negligence are insufficient to sustain the claims under the applicable legal standards, warranting dismissal of Count VI.

In similar fashion, at Count XI of Plaintiffs' Second Amended Complaint, Plaintiffs set forth a claim for "gross negligence." However, Pennsylvania Common Law does not recognize

degrees of negligence. *Ferrick Excavating and Grading Company v. Senger Trucking Company*, 506 Pa. 181, 191, 484 A.2d 744, 749 (1984). Yet, there are statutorily created claims for gross negligence. For example, the Pennsylvania Legislature has created proof of gross negligence as a requirement for statutory claims pursuant to the Mental Health and Mental Retardation Act, the Mental Health Procedures Act, and the Hazardous Substances Transportation Act. *See e.g.* Mental Health and Mental Retardation Act 50 P.S. §4603, *et seq*.; Mental Health Procedures Act 50 P.S. §7114; and Hazardous Substances Transportation Act, 42 P.S. §8336.

Plaintiffs' Second Amended Complaint fails to identify any statutorily created gross negligence claim. As such, Plaintiffs' gross negligence claim found at Count XI must be dismissed with prejudice.

### D. PLAINTIFFS' REQUEST TO CERTIFY THE PROPOSED CLASS UNDER FED. R. CIV. P. 23 SHOULD BE DENIED DUE TO PLAINTIFFS' FAILURE TO ESTABLISH NUMEROSITY, TYPICALITY, COMMONALITY, OR ADEQUACY OF THE PROPOSED CLASS.

Moving Defendant contends that Plaintiffs have not carried their burden of demonstrating the numerosity, typicality, commonality, or adequacy requirements under Rule 23(a). As such, Moving Defendant requests this Honorable Court deny Plaintiffs' request for class certification.

A class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *In re Hydrogen Peroxide Antitrust Litig*., 552 F.3d 305, 309 n.6 (3d. Cir. 2008), as amended (Jan. 16, 2009) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982)) ("*In re Hydrogen Peroxide*"). In order to certify a class, the Court must be "satisfied, after a rigorous analysis, that the prerequisites of Rule 23 are met." *Id*. at 309 (*quoting Falcon*, 457 U.S. at 161). In the context of such an action, the Court must answer three questions:

1. First, does the proposed class satisfy Rule 23(a)'s requirements?

2. Second, does the proposed class fit within one of Rule 23(b)'s categories?

3. Third, if the proposed issue class does both those things, is it "appropriate" to certify these issues a class?

*Russel v. Educ. Comm'n for Foreign Med. Graduates*, 15 F.4th 259, 270 (3d Cir. 2021), cert. denied, 142 S. Ct. 2706 (2022) (*citing* Fed. R. Civ. P. 23(c)(4)). To satisfy Rule 23(a), Plaintiffs must meet four prerequisites: (1) the class must be "so numerous that joinder of all parties is impracticable" (numerosity); (2) there must be "questions of law or fact common to the class" (commonality); (3) the named plaintiffs' claims and defenses must be "typical of the claims or defenses of the class" (typicality); and, (4) "the representative parties [must] fairly and adequately protect the interests of the class" (adequacy). Fed. R. Civ. P. 23(a). Thus, the class must be sufficiently cohesive, and certification is improper where "adjudication of the case will . . . devolve into consideration of myriad individual issues." 2 Newberg and Rubenstein on Class Actions § 4.34; *see Barnes v. Am. Tobacco Co.*, 161 F. 3d 127, 143 (3d. Cir. 1998). In *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), the Supreme Court recognized that "Rule 23 does not set forth a mere pleading standard"; rather, the moving party must "prove that there are in fact sufficiently numerous parties, common questions of law or fact", typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a), and "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (*quoting Dukes*, 564 U.S. at 351). Thus, analyzing a request for class certification thus "calls for findings by the Court, not merely a 'threshold showing' by a party, that each requirement of Rule 23 is met." *In re Hydrogen Peroxide*, 552 F.3d at 307.

i.      *Numerosity*

In order to certify a class, the proposed class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). A proposed class with over forty members typically meets this criterion. *Mielo v. Steak 'n Shake Ops., Inc.*, 897 F.3d 467, 486 (3d Cir. 2018) (citation omitted). As for the remainder of the requirements in Rule 23(a), "a court must be presented with evidence that would enable the court to" determine that it is more likely than not that the class is large enough. *Id*. at 484 (emphasis added). "Mere speculation as to the number of class members even if such speculation is 'a bet worth making' cannot support a finding of numerosity." *Hayes v. Wal-Mart Stores, Inc*., 725 F.3d 349, 357 (3d Cir. 2013) (quoting *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 596 (3d Cir. 2012)). To put it "more generally, where a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone." *Id*. at 358.

Thus, parties cannot satisfy numerosity by their say-so alone. In one case in this district, the plaintiffs sought to certify a class consisting of all Black people who, within the limitations period, had "been terminated or... been denied employment... as a driver for SEPTA and/or any company that has provided paratransit services for Defendant SEPTA as a result of a past felony or misdemeanor conviction." *Jackson v. Se. Pa. Transp. Auth*., 260 F.R.D. 168, 184 (E.D. Pa. 2009). As a matter of simple probabilities, no doubt more than forty people fit the bill. But, "[d]espite the existence of SEPTA's on-line application system, and despite the fact that Plaintiff has had ample opportunity to conduct class discovery" the court had not received "any informed estimate of how many people applied for or were terminated from bus or paratransit operators during the relevant time period." *Id*. at 187.

Therefore, parties cannot establish numerosity merely by claiming it. In one case from this district, the plaintiffs aimed to certify a class of all Black individuals who, within the limitations period, had been either terminated or denied employment as drivers for SEPTA or any company providing paratransit services for SEPTA due to a past felony or misdemeanor conviction. *Id*. In *Jackson*, the Court recognized the high probability that more than forty people fell into this category; however, despite the existence of SEPTA's online application system and ample opportunity for class discovery, the court had not received any informed estimate of how many people applied for or were terminated from bus or paratransit operator positions during the relevant period. *Id*. at 187.

A similar proof problem is apparent in the present case. Plaintiffs do not set forth any factual allegations or evidence that provide an informed estimate for how many individuals would make up the proposed class. Rather, Plaintiff describes the "juvenile" class as

> individuals who were held in custody at any of these Defendants' identified juvenile placement and/or residential care facilities, after their 18th birthday and until their 22nd birthday, and suffered abuse after their 18th birthday and before their 22nd birthday

ECF #[29] at ⁋ 266. In doing so, Plaintiffs do not cite any record evidence to support the numerosity requirement, instead relying upon allegations from the Second Amended Complaint. This mere "representation" of the numerosity requirement does not in itself carry any evidentiary weight. *See Mielo*, 897 F.3d at 484; *see also United States ex rel. Bradshaw v. Alldredge*, 432 F.2d 1248, 1248 n.1 (3d Cir. 1970) ("We have repeatedly held that statements by counsel in briefs or in court are not evidence.") All things considered, Plaintiffs have not met their burden of demonstrating that the proposed class is so numerous that joinder would be unfeasible.

ii.    *Commonality*

To certify a class, there must be "questions of law or fact common to the class" according to Fed. R. Civ. P. 23(a)(2). This requires the party seeking certification to demonstrate that the class members have experienced the same injury, rather than just a violation of the same law. As stated in *Dukes*, 564 U.S. at 349-50, the claims of class members must revolve around a common issue that can be resolved on a classwide basis, meaning that determining the truth or falsity of this issue will address a central aspect of each claim simultaneously. Therefore, the key for commonality is whether a classwide proceeding can produce common answers that will help resolve the litigation. This inquiry emphasizes the defendant's actions rather than those of individual class members. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 528 (3d Cir. 2004). The commonality requirement is generally straightforward to meet and can be satisfied even if some class members haven't been injured, have slightly different claims, or possess claims that might not even be viable. *In re Nat'l Football League Players Concussion Inj. Litig.*, 821 F.3d 410, 427 (3d Cir. 2016) (quoting *In re Cmty. Bank of N. Va. Mortg. Lending Pracs. Litig.*, 795 F.3d 380, 397 (3d Cir. 2015)).

Moving Defendant concedes that Plaintiffs have identified several common questions of law or fact. See ECF #[29] at ❡ 271. However, in *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011), the Supreme Court recognized that any competent attorney can craft a class certification motion that literally raises common questions, but that the standard for commonality is more stringent. Plaintiffs' must allege a common contention "of such a nature that . . . determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*. at 350.

Plaintiffs aver generally that Adelphoi residents faced a pattern of "abuse" and "neglect", generic labels for the alleged harm which the proposed class allegedly endured. Plaintiffs' interpretation of the commonality requirement is contrary to the Supreme Court's guidance in *Wal-mart*. *See* 564 U.S. at 352. Commonality is established when a plaintiff claims that a uniform behavior or policy created an excessive risk to the class members' health or safety, such as implementing an invasive strip-searching procedure. *See Derrick v. Glen Mills Schs.*, Civil Action 19-1541 (E.D. Pa. May. 13, 2024).

Here, although Plaintiffs have identified several common questions of law and fact, Plaintiffs have not met their burden of demonstrating a specific uniform behavior or policy of the Defendants that is the cause of all of the alleged injuries. Instead, they broadly claim that the Defendants ignored existing complaints of "abuse" and "neglect", failed to consider complaints altogether, lacked procedures for filing complaints, deprived residents of educational opportunities, etc. There is simply no common issue that can resolve the claims of the proposed class "in one stroke". *Wal-Mart*, 564 U.S. at 350. Without the necessary proof of a common injury or common injurious conduct, Plaintiffs have not met their burden of establishing commonality.

### iii.    Typicality

Moving Defendant contends that Plaintiffs have not met the typically requirement under Fed. R. Civ. P. 23(a)(3) because the nature of each Plaintiffs' alleged injuries are not similar in nature. "Factual differences will not render a claim atypical if the claim arises from the same event or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 923 (3d Cir. 1992), abrogated on other grounds by *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334 (3d Cir.

2023) (internal quotations omitted). Not only have the Plaintiffs failed to establish commonality, supra, their legal theories also differ because the variety of "abuse" and "neglect" allegedly inflicted on proposed class members could constitute different statutory violations, from the denial of educational opportunities to violation of the right to be free from excessive force. As such, Plaintiffs have not established the typicality requirement.

        *iv.*     *Adequacy*

In order for the Court to grant a request for class certification, the class's representatives must be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The "primary purpose" of this inquiry is "to determine whether the named plaintiffs have the ability and the incentive to vigorously represent the claims of the class." *Duncan v. Governor of V.I.*, 48 F.4th 195, 209 (3d Cir. 2022) (internal citations omitted). This inquiry seeks to ensure "the alignment of interests and incentives between the representatives and the rest of the class," *Dewey v. Volkswagen Aktiengesellschaft*, 681 F.3d 170, 183) (3d Cir. 2012) (internal citations omitted). Since 2003, the adequacy requirement for class counsel has been governed by Fed. R. Civ. P. 23(g). *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010). The Court "must consider" the following factors:

    i.    the work counsel has done in identifying or investigating potential claims in the action;

    ii.    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    iii.    counsel's knowledge of the applicable law; and

    iv.    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). A court also "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id*. 23(g)(1)(B). Here, Plaintiff has not provided any factual or evidentiary support which demonstrates counsel's experience in handling class actions. Given the fact that counsel for Plaintiffs have failed to

adhere to the pleading requirements under Fed. R. Civ. P. 23, it necessarily follows that counsel has not demonstrated a sufficient understanding of the applicable law. As such, Moving Defendant contends that the Plaintiffs have failed to meet the adequacy requirement.

       *v.*      *Compliance with Rule 23(b)(2) and 23(c)(4)*

Given that the Plaintiffs have not met their burden of demonstrating numerosity, commonality, typicality, or adequacy under Rule 23(a), the Moving Defendants do not address Plaintiffs' compliance with Fed. R. Civ. P. 23(b)(2) and 23(c)(4).

## V.    **REQUESTED RELIEF**

Based upon the foregoing, Moving Defendant, Berks County Children and Youth Services, respectfully requests that their Motion to Dismiss Plaintiffs' Second Amended Complaint be granted and that an Order be entered dismissing all claims against Moving Defendant, with prejudice.

**MARSHALL DENNEHEY, P.C.**

BY: _____

JOHN P. GONZALES, ESQUIRE
Attorney ID No. 71265
2000 Market Street, Suite 2300
Philadelphia, PA  19103
(215) 575-2871 Fax (215) 575-0856
Email:  jpgonzales@mdwcg.com
*Attorney for Defendant*,
*Berks County Children and Youth Services*

Date:  July 2, 2024