**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler,** | : : : : | **CIVIL ACTION** |
| **Plaintiffs,** | : | **Case No.: 23-cv-3684** |
| **vs.** | : : | |
| **Adelphoi USA, Adelphoi Village, Adelphoi Education, Inc., Adelphoi Western Region Inc., Berks County Children and Youth Services, and John/Jane Does 1-100,** | : : : : : : | |
| **Defendants.** | : | |

## ORDER

**AND NOW,** this _____ day of _____, 2026, upon consideration of the Motion for Leave to Amend Complaint of Plaintiffs and any response thereto, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File Third Amend Complaint is **GRANTED**.

Plaintiffs shall file the Third Amended Complaint attached to the Motion as Exhibit A within ____ days.

BY THE COURT:

_____

J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler, | : : : : | CIVIL ACTION |
| Plaintiffs, | : | Case No.: 23-cv-3684 |
| vs. | : : | |
| Adelphoi USA, Adelphoi Club, Inc., Adelphoi Village, Adelphoi Valley Stream, Inc., Adelphoi Education, Inc., Adelphoi Foundation, Adelphoi Western Region Inc., Berks County Children and Youth Services, and John/Jane Does 1-100, | : : : : : : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs, Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler (collectively, "Plaintiffs"), by and through the undersigned counsel, van der Veen, Hartshorn and Levin, respectfully move this Honorable Court for leave to file a Third Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), and in support thereof state as follows:

1.      Plaintiffs filed their Second Amended Complaint on June 20, 2024. (Docket No. 29).

2.      On July 2, 2024, Defendant Berks County Children and Youth Services filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 31), and the Adelphoi Defendants likewise filed a Motion to Dismiss on the same date (Docket No. 32).

3.      On September 4, 2025, this Honorable Court denied both motions.

4.      Following the Court's ruling, the parties commenced discovery under a bifurcated framework addressing both merits discovery and class certification discovery.

5.      Plaintiffs now seek leave to file a Third Amended Complaint that removes the

class action allegations and certain Adelphoi-related entities previously named as defendants, while preserving the underlying factual allegations and substantive claims asserted by the individual Plaintiffs.

6.    The proposed amendment narrows the pleadings and will streamline the litigation without altering the core claims in this action.

7.    A copy of Plaintiffs' proposed Third Amended Complaint is attached hereto as Exhibit A.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs leave to file the proposed Third Amended Complaint.

Respectfully submitted,

/s/

Michael T. van der Veen, Esquire
Steven R. Bryson, Esquire
van der Veen, Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
mtv@mtvlaw.com
sbryson@mtvlaw.com
*Attorneys for Plaintiffs*

DATE: March 12, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler, | : : : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | **Case No.: 23-cv-3684** |
| vs. | : | |
| | : | |
| Adelphoi USA, Adelphoi Club, Inc., | : | |
| Adelphoi Village, Adelphoi Valley Stream, Inc., | : | |
| Adelphoi Education, Inc., Adelphoi Foundation, | : | |
| Adelphoi Western Region Inc., Berks County | : | |
| Children and Youth Services, | : | |
| and John/Jane Does 1-100, | : | |
| **Defendants.** | : | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiffs Jahmir Adams, Jeremy Lee Hensel, Danny Jesus Ruiz, Tray Daniels, Shawn Schlopy, Miguel Martell and Copeland Tyler (collectively "Plaintiffs"), by and through the undersigned counsel, van der Veen, Hartshorn and Levin, hereby submit the within brief in support of their motion for leave to amend their complaint.

## I.    BACKGROUND

Plaintiffs filed their Second Amended Complaint (Docket No. 29) on June 20, 2024. The Second Amended Complaint, as well as the preceding Amended Complaint (Docket No. 9) and original Complaint (Docket No. 1), included class action allegations against Defendants Adelphoi USA, Adelphoi Village, Adelphoi Education, Inc., and Adelphoi Western Region, Inc. (collectively, "Adelphoi"), and Defendant Berks County Children and Youth Services ("BCCYS").

The Second Amended Complaint alleges extensive physical, emotional, and sexual abuse of juveniles placed at Adelphoi residential facilities over a period spanning decades.

Adelphoi operates residential treatment programs for court-adjudicated juveniles and other at-risk youth, generally between the ages of eight and eighteen. Juveniles, including Plaintiff Adams and others, were placed at Adelphoi through court-ordered placements made by county child welfare agencies, including BCCYS. In accepting custody of these juveniles, Defendants were responsible for providing care, supervision, and treatment consistent with federal and state constitutional standards, the Pennsylvania Juvenile Act, and prevailing standards governing the care and custody of juveniles. Plaintiffs allege that Defendants failed to meet these obligations and permitted widespread abuse within Adelphoi facilities.

On July 2, 2024, Defendant BCCYS filed a Motion to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket No. 31). The Adelphoi Defendants likewise filed a Motion to Dismiss on the same date (Docket No. 32). On September 4, 2025, this Honorable Court denied both motions.

Following the Court's ruling, the parties commenced preliminary discovery. Discovery proceeded under a bifurcated framework that contemplated merits discovery followed by class certification discovery.

After evaluating the posture of the case and the procedural complications associated with class certification discovery, Plaintiffs have determined that it is in the interests of efficiency and judicial economy to proceed without class allegations. Accordingly, Plaintiffs seek leave to file a Third Amended Complaint that removes the class action allegations while preserving the underlying factual allegations and claims asserted by the individual Plaintiffs.

In addition, the proposed Third Amended Complaint further streamlines the pleadings by removing certain Adelphoi-related entities that were previously named as defendants, including Adelphoi Foundation, Adelphoi Club, Inc., and Adelphoi Valley Stream, Inc. Plaintiffs have determined that the claims in this action may proceed against the remaining Adelphoi entities that exercised operational control over the facilities where Plaintiffs were placed.

The proposed amendment also narrows the claims asserted in the action by removing certain state-law causes of action that Plaintiffs have determined are unnecessary to the resolution of the core issues in this case. These revisions do not alter the underlying factual allegations or the primary federal and state claims previously asserted, but instead serve to simplify and streamline the litigation.

## II.  <u>DISCUSSION</u>

Federal Rule of Civil Procedure 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The decision to grant leave to amend lies within the sound discretion of the district court but should generally be granted absent undue delay, bad faith, futility, or prejudice to the opposing party. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

None of those factors are present here.

First, Plaintiffs have not engaged in undue delay or acted in bad faith. Plaintiffs seek amendment in response to developments in the litigation and after the parties began discovery under a bifurcated structure addressing both merits and class certification issues. The proposed amendment reflects Plaintiffs' strategic decision to streamline the litigation by proceeding solely on the individual claims of the named Plaintiffs.

Second, the proposed amendment is not futile. The Third Amended Complaint does not alter the underlying factual allegations or substantive claims previously asserted but instead removes the class allegations and certain Adelphoi-related entities in order to streamline the litigation. Notably, the Court has already denied Defendants' motions to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6), confirming that Plaintiffs' claims are legally sufficient. The proposed amendment therefore does not introduce new claims or legal theories but simply allows the case to proceed on the individual claims of the named Plaintiffs.

Finally, Defendants will suffer no prejudice from the proposed amendment. The factual allegations underlying Plaintiffs' claims remain unchanged, and the removal of class allegations and certain corporate defendants will not deprive Defendants of any defenses or evidence available to them. To the contrary, the proposed amendment narrows the pleadings and will allow this matter to proceed more efficiently without the need for class certification proceedings.

Plaintiffs are not seeking to add new claims, introduce new factual allegations, or expand the scope of this litigation. Rather, the proposed amendment narrows the pleadings by removing class allegations, certain corporate defendants, and several state-law causes of action in order to streamline the issues presented to the Court.

Accordingly, Plaintiffs respectfully submit that leave to amend should be granted.

## III.    CONCLUSION

For the foregoing reasons, and consistent with the liberal amendment standard set forth in Federal Rule of Civil Procedure 15(a), Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the proposed Third Amended Complaint removing the class

allegations and allowing the action to proceed on the individual claims of the named Plaintiffs. A copy of Plaintiffs' proposed Third Amended Complaint is attached as Exhibit A.

Respectfully submitted,

/s/

Michael T. van der Veen, Esquire
Steven R. Bryson, Esquire
van der Veen, Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
mtv@mtvlaw.com
sbryson@mtvlaw.com
*Attorneys for Plaintiffs*

DATE: March 12, 2026

## CERTIFICATE OF SERVICE

I, Steven R. Bryson, do hereby certify that a true and correct copy of the foregoing Motion for Leave to Amend Complaint was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

Respectfully submitted,

**VAN DER VEEN, HARTSHORN & LEVIN**

*/s/ Steven R. Bryson*
Michael T. van der Veen, Esquire
Steven R. Bryson, Esquire
van der Veen, Hartshorn & Levin
1219 Spruce Street
Philadelphia, PA 19107
P: (215) 546-1000
mtv@mtvlaw.com
sbryson@mtvlaw.com
*Attorneys for Plaintiffs*

DATE: March 12, 2026